Harold Baer, J.
Petitioner brings this article 78 proceeding against the Waterfront Commission of New York Harbor to direct the respondent body to hold a hearing upon the suspension of petitioner’s license as a pier superintendent, hiring agent and registration as a checker.
In June of 1973 respondent ordered the temporary suspension of petitioner’s licenses and positions on the ground of certain misconduct on his part. The same allegations which gave rise to the suspension are the basis of an indictment against petitioner in the United States District Court for the Eastern District of New York.
Eespondent had scheduled a hearing upon the charges against petitioner but has adjourned that hearing several times pending the criminal trial of petitioner. The criminal trial of petitioner has also been adjourned several times and is now in such a state that it is impossible to determine when that trial will be held, as there has been a severance as to certain defendants in that case, other than petitioner, and the trial of those other defendants must be completed before the trial of petitioner can commence. It is not shown that the adjournments of the criminal trial have been caused by petitioner.
It has been held that respondent Waterfront Commission has discretion to continue a temporary suspension such as the one in the case at bar and to adjourn a hearing on charges of misconduct where to hold the hearing in advance of the criminal trial would prejudice the criminal prosecution. However, a balance must be drawn between the power of respondent to continue a suspension while adjourning a hearing on charges of misconduct and the right of the accused to due process and to earn a living. (Matter of Di Bella v. Waterfront Comm. of N. Y. Harbor, 39 A D 2d 653; Matter of Monella v. Waterfront Comm. of N. Y. Harbor, 38 A D 2d 816; Matter of McNamara v. Waterfront Comm. of N. Y. Harbor, 11 A D 2d 1017.)
*736 In the Di Bella case (supra) the majority of the Appellate Division of this Department upheld suspension of a hearing on charges of misconduct pending resolution of criminal charges based on the same facts as gave rise to the charges of misconduct. However, in that case there was no allegation that the petitioner was deprived by the suspension of the opportunity to earn a living. In the cited case the petitioner had not worked as a longshoreman for a long period prior to his suspension.
The facts at bar are different from those in the cited case. Petitioner’s livelihood at the time of his suspension came from the licenses and positions from which he was suspended. He shows that the only living which he can now earn is through different employment at a much lesser salary. Therefore, the reasoning in the dissent in Di Bella is clearly applicable to the case at bar and it is a denial of petitioner’s right to due process under the Federal and State Constitutions for his suspension to continue in the manner in which it now stands.
Accordingly, it is adjudged that respondent shall conduct a hearing upon the charges against petitioner within 30 days after service of the judgment to be settled hereupon with notice of entry or at its option respondent may reinstate petitioner’s licenses and positions until the commencement of the trial of the criminal charges against petitioner or until such time as it can show that any delay of the criminal trial is occasioned by petitioner.